IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) No. 23-CR-40049-JPG |
| ALEXIA N. WILLIE, A/K/A JASON LEE WILLIE, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The attorney for the United States and the attorney for the Defendant have engaged in discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The terms are as follows:

### I. Charges, Penalties, and Elements

1. Defendant understands the charges contained in the Indictment and will plead guilty to Count One. Defendant understands the essential elements of this count and the possible penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1 | Interstate Communication of a Threat to Injure, 18 U.S.C. § 875(C) | Imprisonment: NMT 5 years' imprisonment<br>Fine: $250,000<br>Supervised Release: 3 years<br>Special Assessment: $100 | 1. The defendant knowingly transmitted a communication; and<br><br>2. The communication contained a true threat to injure any person; and<br><br>3. The defendant transmitted the communication for the purpose of making a threat or knowing the communication would be viewed as a threat; and<br><br>4. The communication was transmitted in interstate commerce. |

Defendant committed acts that satisfy each of the essential elements listed above.

2.      The United States agrees to dismiss Counts Two through Fourteen at the time of sentencing.

3.      Title 18, United States Code, Section 3013 requires the Court to assess a $100 "special assessment" per felony count. Defendant understands that the special assessment will be due immediately at the time of sentencing.

4.      Defendant understands that the United States may recommend, and the Court may impose, a fine, costs of incarceration, and costs of supervision. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations.

5.      Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office. Defendant also expressly authorizes the United States Attorney's Office to obtain Defendant's credit report on or after the date of this agreement.

## II. Advisory Sentencing Guidelines

1.      Defendant understands that in determining the sentence, the Court is obligated to consider the minimum and maximum penalties allowed by law. In determining what sentence to impose, the Court will also calculate and consider the applicable range under the U.S. Sentencing Guidelines. The Court will ultimately determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

    (i)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (ii)    the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (iii)    the kinds of sentences available;

    (iv)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (v)    the need to provide restitution to any victim of the offense.

2.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court is not bound by the parties' calculations of the US Sentencing Guidelines range set forth in this Plea Agreement or by the parties' sentencing recommendations. Therefore, the Court may impose a different sentence than what is described in this Plea Agreement - anywhere between the minimum sentence (if any) up to the statutory maximum sentence. If the Court imposes a different sentence than what is described in this Plea Agreement, the parties shall not be permitted to withdraw from the Plea Agreement and the Defendant will not be permitted to withdraw the guilty plea.

3.     The United States and Defendant are not in agreement as to the advisory US Sentencing Guideline range. The differences are due to disagreement as to whether defendant is eligible for a two-point reduction in offense level as a zero-point offender under U.S.S.G. § 4C1.1. The government submits that Defendant's instant offense included credible threats of violence, rendering Defendant ineligible. Defendant submits that the threats were not credible, and that defendant is eligible for the two-point reduction. Consequently, the United States

submits that, after all factors have been considered, Defendant will have the following advisory US Sentencing Guideline range:

> Offense Level 12,
> Criminal History Category of I,
> Imprisonment range of 10-16 months.

Defendant submits that, with the zero-point offender reduction of two points, Defenant will have the following US Sentencing Guideline range:

> Offense Level 10,
> Criminal History Category of I,
> Imprisonment range of 6-12 months

4. The United States submits that the applicable advisory Guideline calculation is as follows:

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| § 2A6.1(a)(1) | Base Offense Level: | 12 |
| § 2A6.1(b)(2)(A) | Specific Offense Characteristics: Increase by 2 levels if more than two threats | +2 |
| | OFFENSE LEVEL: | 14 |
| §3E1.1 | Acceptance of Responsibility | (-2) |
| | TOTAL OFFENSE LEVEL | 12 |

The Defendant submits that the applicable advisory Guideline calculation is as follows:

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| § 2A6.1(a)(1) | Base Offense Level: | 12 |
| § 2A6.1(b)(2)(A) | Specific Offense Characteristics: Increase by 2 levels if more than two threats | +2 |
| U.S.S.G. § 4C1.1 | Zero-Point Offender: Reduce by 2 levels | -2 |
| | | 12 |

4

| Guideline Section | Description | Level |
|---|---|---|
| | **OFFENSE LEVEL:** | |
| §3E1.1 | Acceptance of Responsibility | (- 2) |
| | **TOTAL OFFENSE LEVEL** | **10** |

5. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of **2** Levels. See U.S.S.G. § 3E1.1. However, a reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying, or frivolously contesting, relevant conduct or committing any acts constituting obstruction of justice.

6. The parties submit that it appears that Defendant has amassed **( 0 ) Criminal History points** and that, therefore, the Sentencing Guideline **Criminal History Category is I**. That determination is based upon the following information:

| DATE OF OFFENSE | OFFENSE | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 01/08/1999 | Driving While Intoxicated, Ballwin, MO, Case No. T9901752 | 03/09/1999: two years' probation. | § 4A1.2(e)(3) Sentence imposed outside the 10-year limit | 0 |
| 11/08/2002 | Driving While Intoxicated, Assaulting Law Officer 3d Degree, Jefferson County, MO; Case No. 03001188M | 01/14/2004: 30 days jail. | § 4A1.2(e)(3) Sentence imposed outside the 10-year limit | 0 |
| 03/07/2008 | Domestic Assault 3d Degree Jefferson County, MO; Case No. 08JECR00827 | 06/02/2008: suspended imposition of sentence (SIS). 03/23/2009: SIS revoked, 5 days jail. | § 4A1.2(e)(3) Sentence imposed outside the 10-year limit | 0 |

| 08/03/2008 | Assault 3d Degree on Law Enforcement Jefferson County, MO; Case No. 08JECR04261 | 03/18/2009: 5 days jail | § 4A1.2(e)(3) Sentence imposed outside the 10-year limit | 0 |
|---|---|---|---|---|
| 02/04/2009 | Resisting Arrest Jefferson County, MO; Case No. 09JECR02675 | 12/17/2009: 365 days in jail (suspended), two years' probation | § 4A1.2(e)(3) Sentence imposed outside the 10-year limit | 0 |
| | | | **Criminal History Points:** | **0 points** |

7. The parties acknowledge that the Defendant is in the best position to know if her criminal history information is correct and complete. If it is not, the sentencing calculations reflected in this Plea Agreement may be substantially impacted. Defendant further recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted. Regardless of the criminal history found by the Court, the parties will not be able to withdraw from this plea agreement and the Defendant will not be able to withdraw the guilty plea.

8. The parties reserve the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category, which may be different from the calculations set forth in this Plea Agreement.

### III. Sentencing Recommendations

1. The United States and Defendant will address the sentencing factors set forth in 18 U.S.C. § 3553(a) but agree not to seek a sentence outside of the Guideline range that is ultimately determined to be applicable by the Court.

### IV. Limitation of Plea Agreement & Breach of the Agreement

1. All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and

Defendant and supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all parties.

2. The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3. Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4. If the Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of release, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

5. Defendant agrees that in the event the Defendant materially breaches this Plea Agreement, or Defendant is permitted to withdraw Defendant's guilty plea(s), that any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any

evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### V. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. **Release Pending Sentencing:**

4. Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c).

   a. United States and the Defendant agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing.

5. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

6. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **<u>Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding</u>**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

7. **Exceptions to the waiver of the right to appeal or bring a collateral attack:**

   a. If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness

of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel.

c. The Government agrees that it will not assert that Defendant's waiver of the right to seek modification of the sentence imposed precludes Defendant from filing a motion for compassionate release pursuant to 18 U.S.C. 3582(c)(2). *See United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021). In exchange, Defendant agrees to the following limitations on Defendant's right to seek such relief from the Court:

   1. Until the United States Sentencing Commission amends U.S.S.G. § 1B1.13 as it exists on the date of this agreement, Defendant may seek compassionate release only to the extent and upon the bases allowable under § 1B1.13 and its Application Notes 1(A) – (C), 2, and 3 defining extraordinary and compelling circumstances, except that the motion need not be initiated by the Director of the Bureau of Prisons.

   2. After the Sentencing Commission amends § 1B1.13, Defendant may seek compassionate release only to the extent and upon the bases allowable by § 1B1.13 and its Application Notes as they exist at the time Defendant's motion is filed.

> 3. Defendant may not assert in a successive motion for compassionate release any ground which was asserted in a prior motion under § 3582(c)(2) as a basis for relief where the prior motion was denied on its merits.

The United States reserves the right to oppose any such claim for relief. The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

8. Except as expressly permitted in the preceding paragraph, Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate, including having a court declare that Defendant has materially breached this Plea Agreement.

9. Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

10. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States, or unit of state government, any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States

11

Code, Section 552a, or the Illinois Freedom of Information Act (5 ILCS 140) or the Illinois Open Meetings Act (5 ILCS 120).

11. Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

### VI. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. Defendant acknowledges that other collateral consequences are possible.

### VII. Defendant's Acknowledgements

1. Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily, and knowingly because Defendant is in fact guilty.

2.  By signing this Plea Agreement, Defendant certifies having read it (or that it has been read to Defendant in a language that Defendant understands), Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

## VIII.

No additional matters are in dispute.

UNITED STATES OF AMERICA,

RACHELLE AUD CROWE
United States Attorney

_____
ALEXIA N. WILLIE
Defendant

_____
KEVIN F. BURKE
Assistant United States Attorney

_____
JUDITH A. KUENNEKE
Attorney for Defendant

Date: 03/18/24

Date: 3/19/2024